# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JOSEPH CASILE | : | NO. 09-668 |

## MEMORANDUM

**Baylson, J.**                                                                                              September 30, 2010

The Defendant has filed a Motion to Dismiss the Indictment (Doc. No. 17), which charges a single count of interstate travel with the intent to harass and intimidate. Specifically, the indictment states that between October 17 and November 19, 2004, the Defendant knowingly traveled across state lines, from New Jersey to Pennsylvania, to harass and intimidate another person, and as a result of such travel, placed that person in reasonable fear of death and serious bodily injury to that person and members of the immediate family of that person. The Defendant's Motion to Dismiss the Indictment asserts that this statute is unconstitutional, that federal jurisdiction does not exist, and that there has been prejudicial delay in prosecution.

Defendant's first argument of unconstitutionality is that the statute arises out of the 1994 Violence Against Women Act, and exceeded Congress' authority, citing United States v. Morrison, 529 U.S. 598 and United States v. Lopez, 514 U.S. 549 (1995).

The statue at issue in this case, 18 U.S.C. § 2261A(1), makes criminal interstate travel with the intent to harass or intimidate. See 18 U.S.C. § 2261A(1). Section 2261A(1) specifically provides that:

> Whoever . . . travels in interstate . . . commerce . . . with the intent
> to kill, injure, harass, or intimidate another person, and in the
> course of, or as a result of, such travel places that person in
> reasonable fear of the death of, or serious bodily injury to, that

> person, [or] a member of the immediate family . . . of that person . . . shall be punished as provided in section 2261(b).

Id. To prove a violation of Section 2261A(1), the government must prove that:

(1) the defendant traveled in interstate commerce as charged in the indictment;

(2) the defendant traveled in interstate commerce with the intent to harass or intimidate the victim; and

(3) in the course of or as a result of such travel, the victim was placed in reasonable fear of the death of or serious injury to himself or a member of his immediate family.

See 18 U.S.C. § 2261A(1); Modern Federal Jury Instructions-Criminal § 63.03; United States v. Bowker, 372 F.3d 365, 388 (6th Cr. 2004), vacated on other grounds 543 U.S. 1182 (2005); United States v. Wills, 346 F.3d 476, 493-94 (4th Cir. 2003), cert. denied, 542 U.S. 939 (2004); United States v. Al-Zubaidy, 283 F.3d 804, 808 (6th Cir. 2002).

The Court rejects the Defendant's position. The government has recited in its brief substantial facts to show that it will prove at trial that the Defendant did in fact cross state lines and if the government's testimony is believed, the jury may be able to find that the Defendant violated the statute. The Court distinguishes this statute from that in Lopez because it has a direct link between interstate travel and harm to another person. Although it does not appear that the Third Circuit has specifically ruled on this claim, no court has held the statute unconstitutional. The Court believes that Defendant's argument can be more intelligently ruled upon if the Defendant is convicted and desires to present this claim in a post-trial setting, when the trial record can be considered.

The Defendant's next claim is that no federal jurisdiction exists. Numerous statutes, such

> person, [or] a member of the immediate family . . . of that person . . . shall be punished as provided in section 2261(b).

Id. To prove a violation of Section 2261A(1), the government must prove that:

(1) the defendant traveled in interstate commerce as charged in the indictment;

(2) the defendant traveled in interstate commerce with the intent to harass or intimidate the victim; and

(3) in the course of or as a result of such travel, the victim was placed in reasonable fear of the death of or serious injury to himself or a member of his immediate family.

See 18 U.S.C. § 2261A(1); Modern Federal Jury Instructions-Criminal § 63.03; United States v. Bowker, 372 F.3d 365, 388 (6th Cr. 2004), vacated on other grounds 543 U.S. 1182 (2005); United States v. Wills, 346 F.3d 476, 493-94 (4th Cir. 2003), cert. denied, 542 U.S. 939 (2004); United States v. Al-Zubaidy, 283 F.3d 804, 808 (6th Cir. 2002).

The Court rejects the Defendant's position. The government has recited in its brief substantial facts to show that it will prove at trial that the Defendant did in fact cross state lines and if the government's testimony is believed, the jury may be able to find that the Defendant violated the statute. The Court distinguishes this statute from that in Lopez because it has a direct link between interstate travel and harm to another person. Although it does not appear that the Third Circuit has specifically ruled on this claim, no court has held the statute unconstitutional. The Court believes that Defendant's argument can be more intelligently ruled upon if the Defendant is convicted and desires to present this claim in a post-trial setting, when the trial record can be considered.

The Defendant's next claim is that no federal jurisdiction exists. Numerous statutes, such

as mail fraud and RICO, provide for criminal liability based on interstate activity. Once again, if the government presents evidence at trial as it proffers in its brief, there will be sufficient evidence of the Defendant's involvement in interstate commerce.

Lastly, Defendant asserts prosecutorial delay. The Court has had pretrial hearings in this case and the record will show that various motions have been filed in good faith by both Defendant and the government that have warranted postponements of the trial. The delays have not been so prejudicial as to constitute a denial of due process. The government's brief recites lengthy reasons for the delay between the factual predicates of the case and the return of the indictment.

Defendant's counsel has filed a reply (Doc. No. 57), which notes as to points two and three above, that a factual record should be developed before the Court issues a final ruling on these issues.

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment will be denied, without prejudice.

An appropriate Order follows.

O:\Criminal Cases\09-668 Casile, US v\Casile CR 09-668 - Memo Mot Dismiss Indictment.wpd